# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| MARK DORSEY, CDCR #H-38301,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES TILTON, Secretary California Department of Corrections and Rehabilitation; SCOTT KERNAN, Director CDCR; JAMES YATES, Warden; FELIX IGBINOSA, Chief Medical Officer; HENSEL PHELPS CONSTRUCTION COMPANY,<br><br>　　　　　　　　Defendants. | Civil No.  08cv0919 JAH (JMA)<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT AND SUPPLEMENTAL COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On June 30, 2008, Plaintiff, an inmate currently incarcerated at Pleasant Valley State Prison located in Coalinga, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C.

1 § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on July 3, 2008 [Doc. No. 4]. Plaintiff later filed a "Supplemental Complaint" on September 19, 2008 [Doc. No. 8].[1] On November 25, 2008, this matter was reassigned to District Judge John A. Houston for all further proceedings [Doc. No. 9].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

---

[1] The Court construed Plaintiff's filing as a "First Amended Complaint." However, this document contains only an amendment to his prayer for relief and contains no factual allegations. Accordingly, the Court will refer to Plaintiff's original Complaint filed on June 30, 2008.

1     "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

    Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A. Personal Liability

    A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

    "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

    Simply put, to state a claim against a state official under section 1983, Plaintiff must allege direct individual participation by each "person" named as a defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986) (plaintiff must allege personal acts by each defendant which show a direct causal connection to

1  the constitutional violation at issue); *Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001)
2  (whether or not each defendant "is a participant in the incidents that could give rise to liability"
3  is a necessary element of the § 1983 claim). If there is no affirmative link between a defendant's
4  conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights.
5  *Rizzo*, 423 U.S. at 370.

6  As currently pleaded, Plaintiff's Complaint fails to allege any act or omission which may
7  be individually attributable to any person. *Rizzo*, 423 U.S. at 370; *Taylor*, 880 F.2d at 1045;
8  *Paine*, 265 F.3d at 984. Accordingly, Plaintiff's Complaint fails to state a claim upon which
9  § 1983 relief can be granted

### B. Eighth Amendment Claims

11  In addition, in his Complaint, Plaintiff alleges that he was diagnosed in December of 2006
12  with valley fever while he was housed at Pleasant Valley State Prison ("PVSP"). (Compl. at 3.)
13  Plaintiff further alleges that Defendants violated his rights because he "was never provided with
14  any notice that I could contract valley fever." (*Id.*)

15  The Eighth Amendment prohibits any punishment which violates civilized standards of
16  decency or involves the "unnecessary and wanton infliction of pain." *Ingraham v. Wright*, 430
17  U.S. 651, 670 (1977) (citing *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)). An Eighth
18  Amendment claim challenging conditions of confinement contains both an objective and a
19  subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Osolinski v. Lane*, 92
20  F.3d 934, 937 (9th Cir. 1996). The objective component requires the plaintiff to demonstrate
21  that he has been subjected to specific deprivations that are so serious that they deny him "the
22  minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981);
23  *see also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The subjective component requires the
24  plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to
25  the plaintiff's serious needs. *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 298-99.
26  Deliberate indifference is the reckless disregard of a substantial risk of serious harm. *See*
27  *Farmer*, 511 U.S. at 836. Mere negligence is insufficient to establish deliberate indifference
28  since "Eighth Amendment liability requires 'more than ordinary lack of due care for the

prisoner's interests or safety.'" *Id.* at 835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Here, Plaintiff's Complaint is completely devoid of any deliberate indifference on the part of the named Defendants. Plaintiff alleges only that Defendants "knew or reasonably should have known that transferring me to PVSP would or could cause me to be infected." (Compl. at 4.) Plaintiff does not allege any facts from which the Court could find that any of the named Defendants knew of a serious risk to his health or safety. None of the named Defendants are alleged to have played any direct role in Plaintiff's transfer and, in fact, some of the Defendants are alleged to be employees at PVSP where one would presume they were exposed to the same risk. Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a claim upon which relief can be granted.

### C.   Private Actor

Plaintiff also seeks to hold Hensel Phelps Construction liable for alleged constitutional violations. While not entirely clear, Plaintiff claims that Hensel Phelps was constructing a facility nearby the prison which caused "toxins and/or spores" to be released. (*Id.* at 5.) However, Plaintiff has not alleged any facts from which the Court could find that Defendant Hensel Phelps, a private entity, was acting "under color of state law." *See* 42 U.S.C. § 1983, 28 U.S.C. § 1915(e)(2)(B)(ii). Private parties do not generally act under color of state law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

While a plaintiff may seek to hold a private actor liable under section 1983, he must allege facts that show some "state involvement which directly or indirectly promoted the challenged conduct." *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997). In other words, Plaintiff must show that the private actor's conduct is "fairly attributable" to the state. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987). Plaintiff does not allege any facts to show that the actions of Hensel Phelps could be attributed to the state. Thus, Plaintiff's allegations against Defendant Hensel Phelps

Construction fails to satisfy the first prong of a § 1983 claim. *See Haygood*, 769 F.2d at 1354.

Accordingly, Plaintiff's Complaint is dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1. However, because Plaintiff could possibly cure the defects of pleading identified in this Order, he is hereby granted an opportunity to amend. *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has determined, "that the pleading could not possibly be cured by the allegation of other facts.").

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Complaint and Supplemental Complaint [Doc. Nos. 1, 8] are **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

DATED:  December 22, 2008

_____
**HON. JOHN A. HOUSTON
United States District Judge**