# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

MARK DORSEY,
CDCR #H-38301,

                                    Plaintiff,

                    vs.

JAMES TILTON, Secretary California
Department of Corrections and
Rehabilitation; SCOTT KERNAN,
Director CDCR; JAMES YATES, Warden;
FELIX IGBINOSA, Chief Medical
Officer; HENSEL PHELPS
CONSTRUCTION COMPANY,

                                    Defendants.

Civil No.    08-0919 JAH (JMA)

**ORDER SUA SPONTE DISMISSING
SECOND AMENDED COMPLAINT FOR
FAILING TO STATE A CLAIM
PURSUANT TO
28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

## I.

### PROCEDURAL HISTORY

On June 30, 2008, Plaintiff, an inmate currently incarcerated at Pleasant Valley State Prison located in Coalinga, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C.

1  § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis*

2  ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].  The Court granted Plaintiff's Motion to

3  Proceed *IFP* on July 3, 2008 [Doc. No. 4].  Plaintiff later filed a "Supplemental Complaint" on

4  September 19, 2008 [Doc. No. 8].  On November 25, 2008, this matter was reassigned to District

5  Judge John A. Houston for all further proceedings [Doc. No. 9].

6       The Court sua sponte screened Plaintiff's Complaint and Supplemental Complaint and

7  determined that he had failed to state a claim upon which relief could be granted pursuant to 28

8  U.S.C. §§ 1915(e)(2) and 1915A(b).  (*See* Dec. 22, 2008 Order at 6.)  Nonetheless, Plaintiff was

9  granted leave to file a Second Amended Complaint in order to correct the deficiencies of

10 pleading identified by the Court.  (*Id.*)  On January 20, 2009, Plaintiff filed his Second Amended

11 Complaint ("SAC") [Doc. No. 12].

12                                    **II.**

13            **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

14      As the Court informed Plaintiff in its previous Order, the Prison Litigation Reform Act

15 ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by

16 those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of,

17 sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions

18 of parole, probation, pretrial release, or diversionary program," "as soon as practicable after

19 docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must

20 sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous,

21 malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See*

22 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

23 (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

24      Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

25 dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is

26 frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319,

27 324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

28 an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

1  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection

2  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

3  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

4  (discussing 28 U.S.C. § 1915A).

5          "[W]hen determining whether a complaint states a claim, a court must accept as true all

6  allegations of material fact and must construe those facts in the light most favorable to the

7  plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

8  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's

9  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

10  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v.*

11  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

12          Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

13  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

14  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

15  United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

16  *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d

17  1350, 1354 (9th Cir. 1985) (en banc).

18          As Plaintiff did in his First Amended Complaint, he alleges that his Eighth Amendment

19  rights were violated because all the named Defendants "have known that both officers and

20  inmates have contracted valley fever while exposed to Pleasant Valley State Prison

21  environment." (SAC at 9.)   In this action, Plaintiff names all supervisory personnel and a private

22  contractor who was alleged to have built Coalinga State Hospital, a nearby facility.

23          A person deprives another "of a constitutional right, within the meaning of section 1983,

24  if he does an affirmative act, participates in another's affirmative acts, or omits to perform an

25  act which he is legally required to do that causes the deprivation of which [the plaintiff

26  complains]."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

27  / / /

28  / / /

1   "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v.*
2   *United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).   "The inquiry into causation must be
3   individualized and focus on the duties and responsibilities of each individual defendant whose
4   acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844
5   F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976));  *Berg v.*
6   *Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

7       Simply put, to state a claim against a state official under section 1983, Plaintiff must
8   allege direct individual participation by each "person" named as a defendant. *Taylor v. List*, 880
9   F.2d 1040, 1045 (9th Cir. 1989);  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986)
10  (plaintiff must allege personal acts by each defendant which show a direct causal connection to
11  the constitutional violation at issue); *Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001)
12  (whether or not each defendant "is a participant in the incidents that could give rise to liability"
13  is a necessary element of the § 1983 claim).  If there is no affirmative link between a defendant's
14  conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights.
15  *Rizzo*, 423 U.S. at 370.

16      Plaintiff's Second Amended Complaint fails to identify, with specificity, what any of the
17  named Defendants did or did not do with respect to his requests for medical treatment or transfer
18  to another prison.  Plaintiff's claims rest on his allegations that the named Defendants should
19  have provided treatment or permitted him to be transferred to another prison but he does not
20  allege that any of these Defendants had any personal knowledge of Plaintiff's requests for
21  medical treatment or transfer.

22      As currently pleaded, once again, Plaintiff's Second Amended Complaint fails to allege
23  any act or omission which may be individually attributable to any person.  *Rizzo*, 423 U.S. at
24  370; *Taylor*, 880 F.2d at 1045; *Paine*, 265 F.3d at 984.

25      While not entirely clear, Plaintiff appears to allege that he has been diagnosed with valley
26  fever but has not received any treatment for this disease.  The Eighth Amendment prohibits any
27  punishment which violates civilized standards of decency or involves the "unnecessary and
28  wanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (citing *Estelle v.*

*Gamble*, 429 U.S. 97, 102-03 (1976)).  An Eighth Amendment claim challenging conditions of confinement contains both an objective and a subjective component.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Osolinski v. Lane*, 92 F.3d 934, 937 (9th Cir. 1996).  The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs.  *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 298-99.  Deliberate indifference is the reckless disregard of a substantial risk of serious harm.  *See Farmer*, 511 U.S. at 836.  Mere negligence is insufficient to establish deliberate indifference since "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id.* at 835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Here, once again, Plaintiff's Second Amended Complaint is completely devoid of any deliberate indifference on the part of the named Defendants.  He does not allege any facts to show that any of the named Defendants denied him treatment for his medical condition.  It is not even clear whether Plaintiff has been diagnosed with valley fever.  He claims to "continue to suffer because of inadequate medical care and treatment" but he does not allege any facts about the alleged inadequate care and treatment.  (*See* SAC at 10.)  Thus, he has alleged no facts from which this Court could find facts pertaining to "deliberate indifference."  Accordingly, Plaintiff's Eighth Amendment claims are dismissed for failing to state a claim upon which relief can be granted.

Finally, as Plaintiff did in his previous Complaint, Plaintiff seeks to hold Hensel Phelps Construction liable for alleged constitutional violations.  Plaintiff claims that Hensel Phelps failed to test the soil while constructing nearby Coalinga State Hospital. (*See* SAC at 4.) However, once again, Plaintiff has not alleged any facts from which the Court could find that Defendant Hensel Phelps, a private entity, was acting "under color of state law."  *See* 42 U.S.C. § 1983, 28 U.S.C. § 1915(e)(2)(B)(ii).  Private parties do not generally act under color of state

law; thus, "purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Moreover, acts of private contractors "do not become acts of the government by reason of their significant or even total engagement in performing public contracts." *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982).

While a plaintiff may seek to hold a private actor liable under section 1983, he must allege facts that show some "state involvement which directly or indirectly promoted the challenged conduct." *Ouzts*, 505 F.2d at 553; *West v. Atkins*, 457 U.S. 42, 49, 54 (1988); *Johnson v. Knowles*, 113 F.3d 1114, 1118-1120 (9th Cir. 1997). In other words, Plaintiff must show that the private actor's conduct is "fairly attributable" to the state. *Rendell-Baker*, 457 U.S. at 838; *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987). Plaintiff does not allege any facts to show that the actions of Hensel Phelps could be attributed to the state. Thus, Plaintiff's allegations against Defendant Hensel Phelps Construction fails to satisfy the first prong of a § 1983 claim. *See Haygood*, 769 F.2d at 1354.

Accordingly, Plaintiff's Second Amended Complaint is dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1. Plaintiff will be provided one final opportunity to correct the deficiencies of pleading.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Second Amended Complaint [Doc. No. 12] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is "Filed" in which to file a Third Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

1    Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

2    may be granted, it may be dismissed without further leave to amend and may hereafter be

3    counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79

4    (9th Cir. 1996).

5    DATED:  February 10, 2009

6                                                  **HON. JOHN A. HOUSTON**
                                                   **United States District Judge**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28