# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
### Fresno Division

| | |
|---|---|
| MARK E. DORSEY, CDCR #H-38301,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JAMES TILTON, et al.,<br><br>　　　　　　　Defendants. | Civil No.　1:08cv00919 JAH (JMA)<br><br>**ORDER PROVIDING PLAINTIFF NOTICE OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO *WYATT v. TERHUNE* AND SETTING BRIEFING SCHEDULE** |

　　　On August 19, 2009, Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to FED.R.CIV.P. 12(b) and 12(b)(6)  [Doc. No. 24].  Defendants move to dismiss, in part, on grounds that Plaintiff failed to exhaust administrative remedies prior to suit pursuant to 42 U.S.C. § 1997e(a).

　　　"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (per curiam)).  If the court looks beyond the pleadings when deciding a motion to dismiss for failure to exhaust, "a procedure closely analogous to summary judgment," the Court "must assure that [the plaintiff] has fair notice of his opportunity to

develop a record." *Id.* at 1120 n.14; *see also Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (remanding case to district court where court failed to "effectively give [plaintiff] fair notice that he should have submitted evidence regarding exhaustion of administrative remedies.")

Accordingly, Plaintiff is hereby provided with notice that Defendants have asked the Court to dismiss his case in part because he failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff is further advised of his opportunity to include in his Opposition to Defendants' Motion whatever arguments and documentary evidence he may have to show that he did, in fact, exhaust all administrative remedies as were available to him prior to filing suit. *See Wyatt*, 315 F.3d at 1119-21; *Marella*, 568 F.3d at 1028.

**Conclusion and Order**

Accordingly, the Court sets the following briefing schedule:

1) Plaintiff, if he chooses, may file an Opposition to Defendants' Motion to Dismiss [Doc. No. 24], and serve it upon Defendants' counsel of record no later than **Monday, November 9, 2009.**

2) Defendants may file a Reply to Plaintiff's Opposition, and serve it upon Plaintiff no later than **Monday, November 16, 2009.**

The Court will consider the matter fully briefed as submitted on the papers as of **Monday, November 23, 2009**, and will thereafter issue a written Order ruling on Defendants' Motion without requiring any appearances or holding any oral argument.

**IT IS SO ORDERED.**

DATED: October 8, 2009

**HON. JOHN A. HOUSTON**
United States District Judge